**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Walter CEO, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 2002.
Filed Dec. 3, 2002.

Mitchell S. Strutin, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: DEL SOLE, P.J., JOHNSON, and BOWES, JJ.

JOHNSON, J.:

¶ 1 Walter Ceo appeals the order entered December 17, 2001, dismissing his current petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Ceo's petition, nominally his fourth, sought reinstatement, *nunc pro tunc*, of his right to direct appeal. The trial court concluded that the petition was untimely because Ceo filed the petition more than thirty days after his judgment of sentence became final. We conclude, in the interest of justice, that Ceo's current PCRA petition is an extension of litigation of his timely first petition and is not, therefore, untimely. Accordingly, we reverse the trial court's order dismissing Ceo's petition and direct reinstatement of his right to direct appeal *nunc pro tunc.*

¶ 2 On November 1, 1995, a jury convicted Ceo of second-degree murder, kidnapping, aggravated assault, robbery, criminal conspiracy, and four counts of reckless endangerment. On April 17, 1996, the Honorable Eugene H. Clarke, Jr., sentenced Ceo to serve a term of life imprisonment for the murder conviction, and a consecutive term of four to ten years' imprisonment for aggravated assault with concurrent sentences on the remaining counts. Ceo, represented by the Defender Association of Philadelphia, requested that counsel appeal the judgment of sentence. Counsel failed, however, to comply with Ceo's wishes and admitted its failure in a letter of August 20, 1996. Counsel suggested that Ceo seek reinstatement of his right to appeal by way of a PCRA petition.

¶ 3 Thereafter, Ceo timely filed his first PCRA petition, *pro se*, on November 25, 1996. The court appointed as counsel Edward C. Meehan, Esquire, who amended Ceo's petition, requesting reinstatement of his right to appeal *nunc pro tunc*. The PCRA court granted relief, reinstating

Ceo's direct appeal rights, on July 10, 1997. In a letter of July 15, 1997, Attorney Meehan promised Ceo that he would file the appeal. He never did so. Nonetheless, in a second letter dated May 14, 1998, counsel reassured Ceo that he had in fact filed an appeal and was awaiting the decision of this Court.

¶ 4 Subsequently, Ceo learned of Attorney Meehan's misrepresentation and, on December 9, 1998, filed a second *pro se* PCRA petition. Again the PCRA court appointed new counsel who filed an amended petition. The court granted relief on March 10, 1999, and again granted Ceo the right to file a direct appeal *nunc pro tunc*. Counsel for Ceo filed the notice of appeal; however, counsel failed subsequently to file a brief, and this Court dismissed his appeal, *per curiam,* on July 28, 1999.

¶ 5 Ceo filed his third PCRA petition in October 1999, and again the trial court appointed counsel to represent Ceo. Counsel filed an amended petition, and on January 21, 2000, the PCRA court again granted Ceo the right to file a direct appeal, *nunc pro tunc.* Again, counsel failed to file a brief, and this Court dismissed the appeal on July 14, 2000.

¶ 6 Ceo filed his fourth and present PCRA petition, *pro se,* on May 25, 2001, and the court appointed counsel to represent him. Although counsel filed an amended petition requesting reinstatement of Ceo's direct appeal right *nunc pro tunc,* the PCRA court issued notice of its intent to dismiss the petition without a hearing. Thereafter, on December 17, 2001, the court dismissed the petition as untimely filed. Ceo filed this appeal.

¶ 7 Ceo presents a single issue for our review:

> Whether the defendant is entitled to relief under the Post Conviction Relief Act in the form of the grant of leave to file a notice of appeal nunc pro tunc, reinstatement of appellate rights, as the result of the ineffective assistance of prior counsel.

Brief for the Appellant at 4.

 ¶ 8 "An appellate court's review of an order denying post conviction relief is limited to examining whether the evidence of record supports the determination of the PCRA court and whether the ruling is free from legal error." *Commonwealth v. Padden,* 783 A.2d 299, 309 (Pa.Super.2001). "We will not disturb findings of the PCRA court that are supported by the certified record." *Id.*

 ¶ 9 In this matter, the trial court concluded that Ceo's current petition was untimely. Based solely on the text of the PCRA, the court's ruling does not appear erroneous. Pursuant to 42 Pa.C.S. section 9545, any PCRA petition must be filed within one year of the date the judgment becomes final. "A judgment of sentence becomes final once an appellant's means of direct review of a conviction, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, have concluded or the time limits for seeking a direct appeal have expired." *Commonwealth v. Tedford,* 566 Pa. 457, 781 A.2d 1167, 1170–71 (2001) (citing 42 Pa.C.S. § 9545(b)(3)). In this case, the PCRA court reinstated Ceo's right to direct appeal on July 10, 1997; thus, Ceo's judgment of sentence became final thirty days later on August 11, 1997, and a notice of appeal should have been filed by that date. *See* Pa.R.A.P. 903(a) (Time for Appeal. General Rule.).

¶ 10 Although Ceo did not file his current petition until May 25, 2001, he argues that he is entitled to relief because prior counsel effectively abandoned him on each prior reinstatement of his direct appeal rights. Brief for Appellant at 9. Ceo con-

tends accordingly that his present PCRA petition should be deemed an extension of litigation of his first timely petition pursuant to our holdings. Brief for Appellant at 11–12 (citing *Commonwealth v. Peterson*, 756 A.2d 687 (Pa.Super.2000), *Commonwealth v. Leasa*, 759 A.2d 941 (Pa.Super.2000), and *Commonwealth v. Robinson*, 781 A.2d 152 (Pa.Super.2001), *appeal granted*, 568 Pa. 682, 796 A.2d 316 (2002)). The PCRA Court, the Honorable Jane Cutler Greenspan, acknowledged Ceo's "forceful argument" for reinstatement but refused to grant the relief Ceo sought, reasoning that "the Pennsylvania Supreme Court has never adopted such reasoning," and "has consistently reversed the Superior Court's attempts to avoid the time bar." Trial Court Opinion, 12/17/01, at 2. We conclude, in view of the circumstances of this case, that the decisions on which Ceo relies are controlling and compel reinstatement of his right to direct appeal *nunc pro tunc.*

¶ 11 In *Peterson, Leasa*, and *Robinson*, we considered whether the respective defendants' second or subsequent PCRA petitions were time-barred under Section 9545 where those petitions sought redress of claims raised in a timely first petition. In *Peterson*, we concluded that the trial court erred in dismissing a defendant's "second" PCRA petition as untimely because the petitioner suffered ineffective assistance of counsel appointed to amend his first PCRA petition. *See* 756 A.2d at 689. Peterson's counsel did not file an amended petition and although he filed a *Finley* letter with the trial court, *see Commonwealth v. Finley*, 379 Pa.Super. 390, 550 A.2d 213 (1988), he failed to await leave of court before withdrawing representation. *See Peterson*, 756 A.2d at 689. The trial court then denied the defendant's first petition. When the defendant filed a second PCRA petition merely restating

the allegations of the first, we concluded that considerations of simple justice compelled recognition of the second petition as the defendant's inartful attempt to secure appellate review of the allegations he previously raised. *See id.* Because the first petition, which was facially timely, would have been reviewed on its merits but for the dereliction of counsel, we recognized the second petition as an extension of litigation of the first and remanded the matter for appointment of new counsel. *See id.* n. 3.

¶ 12 Similarly, in *Leasa*, we recognized that where appellate review of the order denying a defendant's first PCRA petition is precluded by counsel's inaction resulting in dismissal of the appeal, his second petition, although untimely, is merely an "extension of litigation" of the first. *See Leasa*, 759 A.2d at 942. In *Leasa*, as in two instances in this case, counsel filed a notice of appeal but then failed to file any supporting brief. *See id.* Consequently, this Court dismissed the appeal. When the defendant then sought review in a "second" petition of points previously raised, we recognized that the second petition was merely an extension of the first. *See id.* Accordingly, we required reinstatement *nunc pro tunc* of the defendant's right to appeal the denial of his first petition. *See id.* Because the second petition merely extended the timely first petition, we expressly rejected "any claim that Appellant's second petition should have been dismissed by the PCRA court as untimely filed pursuant to 42 Pa.C.S.A. § 9545." *See id.*

¶ 13 In *Robinson*, we considered a defendant's appeal from the dismissal of his "third" PCRA petition where, again, that petition merely sought review of claims raised in a timely first petition. *See* 781 A.2d at 158. The record showed that following the trial court's denial of the first

petition, the defendant had timely appealed to this Court but had been denied review because his appointed counsel failed to file an appellate brief. *See id.* Because the defendant had been denied his right to appellate review of that first petition by the malfeasance of his counsel we recognized, in conformity with *Peterson* and *Leasa*, that his later attempts to resurrect the underlying claims must be considered an extension of the litigation of the first petition. *See id.* To the extent the defendant's subsequent petitions sought review of issues raised in that timely first petition, they could not be deemed untimely under Section 9545. *See id.*

¶ 14 Implicit in the disposition of each of these cases is the proposition that every PCRA petitioner, regardless of the seriousness of his underlying offenses, is entitled to meaningful appellate review of post-conviction claims raised in his first petition so long as that petition is timely filed. *See Commonwealth v. Kubis,* 2002 PA Super 296, ¶ 6, 808 A.2d 196, 203 (2002) (Johnson, J., dissenting). Where the dereliction of counsel or other circumstances for which the defendant is not responsible operate to waive those claims, the defendant's right to review remains to be discharged. Consequently, when the defendant restates those claims in a second or subsequent PCRA petition that would be otherwise time-barred, we are compelled to recognize that the later petition is not an unentitled "second bite at the apple," but merely the first bite that he was unlawfully denied. Thus, where counsel appointed to advance the petitioner's right to review of his first PCRA petition fails to act, resulting in a waiver of the petitioner's substantive right, a subsequent petition seeking review of the same questions is properly considered an extension of the first petition. *See Peterson,* 756 A.2d at 689 n. 3, *Leasa,* 759 A.2d at 942, *Robinson,*

781 A.2d at 159. Such a practice does not, as the Commonwealth contends, attempt to "create jurisdiction" in violation of Section 9545; nor does it allow post-conviction relief outside the PCRA. Letter Brief at 6–7. Rather, it recognizes that jurisdiction, once properly invoked by a timely first petition *under the PCRA,* cannot be extinguished by the dereliction of counsel. *Cf. Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232, 1236 (2001) (Nigro, J., concurring).

¶ 15 The Supreme Court of Pennsylvania has never invalidated this line of reasoning. Although the Court has emphasized the exclusivity of the PCRA and the jurisdictional bar on untimely petitions for relief, it has not addressed whether Section 9545 bars relief on a second petition *where the petitioner timely invoked jurisdiction in a first petition* and counsel's dereliction waived the petitioner's right of review. *But see Robinson,* 781 A.2d 152 (appeal granted by *Commonwealth v. Robinson,* 568 Pa. 682, 796 A.2d 316 (2002)). This distinction is critical and renders the cases on which the Commonwealth relies readily distinguishable. *See Hall,* 771 A.2d at 1233–34 (finding second PCRA petition time-barred where petitioner failed to file timely first petition and did not establish his reliance on counsel to file an appeal).

¶ 16 In this case, the record demonstrates that Ceo timely filed a first PCRA petition seeking reinstatement *nunc pro tunc* of his right to direct appeal. Although the trial court granted that right, Ceo then suffered a pattern of dereliction by three successive appointed counsel extending from abandonment to patent misrepresentation concerning the status of his appeal. Even the most innocuous of these occurrences equal those we addressed in *Peterson, Leasa,* and *Robinson.* The documented misrepresentation of Ceo's sec-

ond counsel substantially exceeds them. In view of these aggravated circumstances, we conclude that Ceo's subsequent PCRA petitions, although facially untimely, constitute extensions of the litigation of his timely first petition. *See Peterson,* 756 A.2d at 689; *Leasa,* 759 A.2d at 942; *Robinson,* 781 A.2d at 159. Accordingly, Ceo's current petition is not untimely under Section 9545 and the PCRA court erred in so holding. Ceo is entitled to reinstatement *nunc pro tunc* of his right to direct appeal and appointment of competent counsel to prosecute his appeal.

¶ 17 Order REVERSED. Case REMANDED for further proceedings consistent with this Opinion. Jurisdiction RELINQUISHED.

¶ 18 Judge BOWES files a Dissenting Opinion.

BOWES, J., Dissenting.:

¶ 1 As I believe that the majority's disposition in this case is inconsistent with our Supreme Court's pronouncements in *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999), *Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001), and *Commonwealth v. Eller,* 569 Pa. 622, 807 A.2d 838 (2002), as well as our recent panel decision in *Commonwealth v. Fairiror,* 2002 PA Super 290, 809 A.2d 396, I must respectfully dissent.

¶ 2 The facts of this case undoubtedly are egregious. Appellant's counsel falsely told him that a direct appeal had been filed. Subsequently, Appellant's two PCRA counsel both abandoned representation. Nonetheless, I do not believe that we have jurisdiction to entertain this appeal.

¶ 3 At the onset, one must be mindful that there is no constitutional right to post-conviction relief. *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Therefore, Appellant's right to such review is purely a matter of legislative grace. Our legislature has permitted such review through enactment of the Post-conviction Relief Act, ("PCRA") 42 Pa.C.S. § 9541, *et. seq.,* which is the means of obtaining collateral relief, 42 Pa.C.S. § 9542. Our legislature's enactment of 42 Pa.C.S. § 9545 limits our jurisdiction to consider the merits of a collateral attack and provides that a petition for post-conviction review must be filed within one year of when a judgment of sentence becomes final. *Commonwealth v. Pursell,* 561 Pa. 214, 749 A.2d 911 (2000) (timeliness requirements of 42 Pa.C.S. § 9545(b) are jurisdictional in nature, and the courts lack jurisdiction to grant PCRA relief unless a petition is timely under that section). It is beyond dispute that this fourth PCRA petition was not timely filed.

¶ 4 Our Supreme Court has made clear that vindication of the constitutional right to direct review granted in the Pennsylvania Constitution, Pa. CONST. art. V, § 9, cannot be obtained outside the parameters of the PCRA, stating that the "PCRA provides the exclusive remedy for post-conviction claims seeking restoration of appellate rights due to counsel's failure to perfect a direct appeal...." *Lantzy, supra* at 223, 736 A.2d at 570.

¶ 5 In the present case, Appellant sought restoration of his appellate rights, and his entitlement to relief must be examined within the confines of the PCRA. He sought restoration of his rights in an untimely-filed PCRA petition. I believe that under the Supreme Court's directives in *Hall* and *Eller,* we may not consider this fourth petition an "extension" of Appellant's timely-filed first petition. *Hall* holds that a petition seeking a direct appeal *nunc pro tunc* based on an allegation that counsel was ineffective for failing to

file a direct appeal has to be brought within the one-year time limitations of the PCRA. Further expanding this holding in *Eller, supra,* our Supreme Court found that a petition seeking reinstatement of appellate rights must be dismissed if untimely, even when the defendant asked his attorney to file an appeal and his attorney refused to do so. The Court stated, "The PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Id.* at 634, 807 A.2d at 845.

¶ 6 It must be remembered that *Hall* and *Eller* merely reinforce the consistent pronouncements from our Supreme Court that any allegation of ineffective assistance of counsel, no matter how framed, will not save an untimely filed PCRA petition under any circumstances. *E.g., Commonwealth v. Howard,* 567 Pa. 481, 788 A.2d 351 (2002); *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000); *Commonwealth v. Pursell, supra; Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258 (1999); *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999).

¶ 7 The instant case involves ineffective assistance of counsel with respect to Appellant's first, second, and third PCRA counsel, who did not perform their professional duty to file a direct appeal.[1] However, there is no authority for the proposition that this type of failure to act is such that the filing requirement can be ignored.

¶ 8 Perhaps our Supreme Court will make a crucial distinction between ineffective assistance of counsel and a wholesale dereliction of duty in the face of a defendant's request for action, as is presented in this case, so that we may "relate back" subsequent petitions. However, in light of

the Court's unequivocal position that ineffective assistance under any guise does not fall within any exceptions, we are without jurisdiction to entertain this petition.

¶ 9 Clearly, this Court in *Fairiror, supra,* recognized the impact of *Hall* on "relation back" cases.

¶ 10 Whether *Lantzy, Hall,* and *Eller* are cases with which this Court agrees, we must abide by the Supreme Court's dictates in this regard. Vindication of the constitutional right to direct review is not allowed outside the parameters of the PCRA. In this case, prior PCRA counsels' dereliction of duty, as unconscionable as it is, ultimately must be viewed in the context of ineffective assistance of counsel. Further, we do not have the authority to fashion an equitable remedy by relating back untimely petitions to timely petitions when counsel's representation is deficient. Since the filing requirements of 42 Pa.C.S. § 9545 are not met, we lack jurisdiction to consider the merits of this PCRA petition, regardless of how much we prefer to do so in light of the obvious injustice presented.

¶ 11 Our legislature and Supreme Court have spoken and have deprived us of jurisdiction to act, even in these compelling circumstances. We, as an intermediate appellate court, are without authority to ignore them. *See Commonwealth v. Kirkner,* 569 Pa. 499, 805 A.2d 514 (2002) (a legislative enactment may not be modified by judicial discretion, even when the judiciary has good intentions). However, this case presents the perfect opportunity for the Supreme Court to find that certain types of ineffective assistance of counsel shock the conscience of the court such that the defendant's constitutional right to direct appeal must be vindicated. Until that

---

1. I believe that these PCRA counsel, who engage in the wholesale abandonment of their client resulting in their client's loss of important constitutional guarantees, should be sanctioned.

day, however, I believe we must follow its dictates and find this petition to be untimely. Accordingly, I would affirm the PCRA court's dismissal of this petition as untimely filed.