J. S40001/15

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
CARLOS HARRIS, : No. 1448 WDA 2013
:
Appellant :


Appeal from the PCRA Order, August 7, 2013,
in the Court of Common Pleas of Allegheny County
Criminal Division at Nos. CP-02-CR-0006185-2006,
CP-02-CR-0007765-2006


BEFORE: FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 18, 2015**

Carlos Harris appeals from the order of August 7, 2013, denying his

PCRA[1] petition. We affirm.

The PCRA court has summarized the history of this matter as follows:

> This is an appeal by Petitioner, Carlos Harris,
> from an order entered on August 7, 2013 dismissing
> his PCRA Petition following a hearing on August 1,
> 2013. This matter arises out of the arrest of
> Petitioner on April 15, 2006.[2]  On July 29, 2009,

---

* Retired Senior Judge assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2]     This matter arises out of Petitioner's arrest on
       April 15, 2006 at which time he was charged at case
       No. 200606185 with one count of Possession with
       Intent to Deliver Cocaine in violation of 35 P.S.
       § 780-113(a)(30) and 780-115(a); one count of
       Possession of Cocaine in violation of 35 P.S. § 780-

Petitioner entered into a negotiated plea agreement and was sentenced on that date.  On July 30, 2010 Petitioner filed a **pro se** PCRA Petition.  On September 20, 2010 an order was entered appointing PCRA counsel.  On September 20, 2011 this matter was assigned to this Court.  On September 22, 2011 an order was entered granting a Petition to Withdraw by the Public Defender's office and appointing new PCRA counsel.  On March 14, 2012 counsel filed a Petition to Withdraw and **Turner/Finley** No Merit Letter.[3]  On January 18, 2013 an order was entered directing counsel to file an Amended PCRA Petition.[4]  On May 14, 2013 an Amended PCRA Petition was filed.  On June 7, 2013 the Commonwealth filed an Answer to the Amended PCRA Petition.  On August 1, 2013 a hearing was

---

113(a)(16) and (b); one count [of] Possession of a Small Amount of Marijuana in violation of 35 P.S. § 780-113(a)(31); one count of Resisting Arrest in violation of 18 Pa.C.S. § 5104; and, one count of Fleeing or Attempting to Elude Police Officer in violation of 75 Pa.C.S. § 3733.  Petitioner was also charged at case No. 200607765 with one count of Aggravated Assault Serious Injury Police in violation of 18 Pa.C.S.A. § 2702(a)(2)(c); one count of Assault by Prisoner in violation of 18 Pa.C.S. § 2703; one count of Escape in violation of 18 Pa.C.S.A. § 5121(a) and (d)(1)(i); and, one count of Resisting Arrest in violation of 18 Pa.C.S.A. § 5104.

PCRA court opinion, 7/16/14 at 2.

[3]  **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[4] Counsel filed his petition to withdraw on March 14, 2012, which was granted on March 21, 2012.  (Docket #43.)  Subsequently, on January 18, 2013, "upon consideration of counsel's letter to Petitioner of August 9, 2012 and Petitioner's response of November 21, 2012," counsel was ordered to file an amended PCRA petition on appellant's behalf.  (Docket #44.)

held on the Amended PCRA Petition.[5]  On August 7, 2013 an order was entered denying the Amended PCRA Petition.  On September 4, 2013 a Notice of Appeal was filed with the Superior Court of Pennsylvania.  On September 10, 2013 an order was entered directing Petitioner to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. § 1925(b).  On October 7, 2013, Petitioner filed his Concise Statement. . . .[6]

PCRA court opinion, 7/16/14 at 1-2.

Appellant has raised the following issue for this court's review, alleging ineffectiveness of plea counsel:

Did the trial court err when it denied Defendant's Petition for Post-Conviction Relief without an evidentiary hearing wherein Defendant alleged trial counsel's ineffectiveness relative to Defendant's plea of guilty where said guilty plea was induced by counsel's erroneous statement to Defendant that he may be entitled to have his sentence run concurrently with "back time" owed to the PA Board of Probation and Parole pursuant to **Commonwealth v. Zuber**?

Appellant's brief at 4.

Initially, we note our standard of review:

---

[5] The August 1, 2013 hearing was not an evidentiary hearing; no testimony was presented, and the hearing consisted of legal argument only.

[6] Appellant was given 21 days, or until October 1, 2013, to file his concise statement.  (Docket #57.)  Therefore, appellant's statement was filed late.  However, the trial court addressed the issues raised in its Rule 1925(a) opinion and it is unnecessary to remand.  **See Commonwealth v. Thompson**, 39 A.3d 335, 340 (Pa.Super. 2012) ("When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented."), citing **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa.Super. 2009) (**en banc**).

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. ***Commonwealth v. Ceo***, 812 A.2d 1263, 1265 (Pa.Super.2002) (citation omitted). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001) (citation omitted).

***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (***en banc***), ***appeal denied***, 839 A.2d 352 (Pa. 2003).

On July 29, 2009, appellant entered into a negotiated plea agreement on both cases for an aggregate sentence of 2½ to 5 years' incarceration, with credit for time served. (Notes of testimony, 7/29/09 at 3-4.) Appellant was on parole at the time these offenses occurred. During the plea colloquy, defense counsel, Candace Ragin, Esq., stated the following:

> Mr. Harris does stand before this Court accepting responsibility for his actions, saving us the time and expense of two jury trials. He was scheduled for a jury trial. We would ask Your Honor to take that into consideration. Now, with regard to his sentences, Mr. Harris has requested that the time that he would be sentenced to in these matters run concurrent to any backup time that he may have with the State Correctional Institution he's currently housed at [sic]. Mr. Harris and I did look over a case, ***Commonwealth v. Zuber***, Z-u-b-e-r, and it does indicate that there is one exception where the State Parole and Probation Board will run the time concurrent to another – or a new sentence. I did explain to Mr. Harris that is not a guarantee. It would simply be a recommendation; but moreover, I wanted to put on the record that with regard to the case that was holding Mr. Harris, his expiration – the

> expiration of his maximum was June 30, 2009. We are well beyond that point. So I don't know that he would even be facing any backup time for his former sentence, but I just wanted to put on the record that we would like the Court to recommend to the State Parole Board that the time runs concurrent to this sentence. And we would ask that there is no probationary tail placed on this case because of the amount of time that Mr. Harris has spent in incarceration. He does have 39 months' time credit, and we would also ask that Your Honor parole him forthwith.

*Id.* at 5-6.

The trial court imposed the agreed-upon sentence of 2½ to 5 years. Appellant argues that plea counsel was ineffective in misrepresenting that his back time on the parole violation could be run concurrently with his new sentence. Appellant also completed a written plea colloquy in which he hand wrote, "I am pleading guilty only because this time will run concurrently with the board of probation & parole (DOC)." (Written guilty plea colloquy, 7/28/09 at 9; docket #28.)

In fact, the Parole Board was statutorily <u>required</u> to run appellant's parole revocation sentence consecutively to his sentence on the new charges. 61 Pa.C.S.A. § 6138.

> [The Parole Act] mandates that sentences for crimes committed on parole must be served consecutively with time remaining on original sentences and thus prohibits courts of this Commonwealth and the Board from imposing concurrent sentencing. Also, the Board may not impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole.

***Walker v. Pennsylvania Board of Probation and Parole***, 729 A.2d 634, 638 (Pa.Cmwlth. 1999) (citations omitted). ***See also Commonwealth v. Ortiz***, 745 A.2d 662 (Pa.Super. 2000), ***appeal denied***, 795 A.2d 973 (Pa. 2000), ***disapproved of on other grounds by Commonwealth v. Castillo***, 888 A.2d 775 (Pa. 2005) (by statute, parole violators are required to serve in consecutive fashion the sentence for the new crime as well as the unexpired balance of the parole sentence). Therefore, appellant argues that counsel's advice in this regard was plainly erroneous and that he did not receive the benefit of his bargained-for sentence.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, ***i.e.*** there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999); ***Commonwealth v. Douglas***, 537 Pa. 588, 645 A.2d 226, 230 (1994).

***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether

counsel's advice was within the range of competence demanded of attorneys in criminal cases."

**Commonwealth v. Allen**, 833 A.2d 800, 802 (Pa.Super. 2003), **appeal denied**, 860 A.2d 488 (Pa. 2004), quoting **Commonwealth v. Hickman**, 799 A.2d 136, 141 (Pa.Super. 2002) (internal citations omitted).

In **Commonwealth v. Zuber**, 353 A.2d 441 (Pa. 1976), the Commonwealth agreed to join with defense counsel in requesting the State Board of Parole to run the defendant's back time concurrently with the new sentence. **Id.** at 443. The Commonwealth's promise was a false and empty one where, as stated above, neither a court nor the Parole Board has the authority to order that a defendant's back time be served concurrently. **Id.** Therefore, the court in **Zuber** concluded that the defendant's plea was not knowingly and voluntarily entered. **Id.** at 445. The court found that the amount of time the defendant would be required to serve before becoming parole eligible was an important consideration in his decision to plead guilty. **Id.** In addition, the **Zuber** court found the defendant was prejudiced by his reasonable reliance on the Commonwealth's promise, even though there was no guarantee his sentences would be run concurrently:

> Furthermore, the fact that it was made known to the appellant on the record that such a request to the Parole Board in no way guaranteed the Board's final decision vis-a-vis the 'back time' owed is of no moment. Part of the bargain reached was that the request to the Parole Board would be made on appellant's behalf and the natural and obvious underlying inference that the Parole Board had, at the least, the Option to accept or reject such a

> request thereby became an integral part of the bargain as well.

*Id.* (citation omitted).

Ultimately, our supreme court in *Zuber* modified his sentence from 7 to 15 years' imprisonment to 2½ to 15 years, thereby insuring that he received "the benefit of the bargain" made with the Commonwealth. *Id.* at 446. We find *Zuber* to be inapposite. Instantly, other than appellant's own handwritten note on the explanation of rights form, there is no indication that a recommendation that appellant serve his back time concurrently with his sentence on the new charges was an integral part of the plea agreement. The Commonwealth never agreed, on the record, to make such a recommendation to the Parole Board, nor did the trial court. The trial court indicated only that appellant would receive credit for time already served and that it would consider immediate parole. (Notes of testimony, 7/29/09 at 3-4, 9.)[7] In fact, Attorney Ragin specifically stated that, "I did explain to [appellant] that is not a guarantee. It would simply be a recommendation. . . ." (*Id.* at 6.) At the earlier plea hearing on the drug charges, it was explained to appellant that he could face additional prison time based on the parole violation:

> THE COURT: Were you on parole or probation at the time these offenses occurred?

---

[7] In its sentencing order, the trial court did recommend that appellant's sentence be served concurrently with any state sentence he was currently serving. (Docket #29.)

> [APPELLANT]:  Yes, sir.
>
> THE COURT:  You understand that by pleading guilty to these charges, you would be in violation of that period of parole or probation, and independent of any sentences that I might impose on you, that you'll be subjecting yourself to an additional penalty for that period of parole violation?
>
> [APPELLANT]:  Yes, sir.

Notes of testimony, 7/1/08 at 5.

The "exception" in **Zuber** that Attorney Ragin refers to appears to be the court's observation that the Parole Board has the power to re-parole a convicted parole violator at any time so that he can begin to serve the sentence imposed on the new conviction. **Zuber**, 353 A.2d at 443, 445. **See** 61 Pa.C.S.A. § 6138(a)(3) ("The board may, in its discretion, reparole whenever, in its opinion, the best interests of the inmate justify or require the inmate's release on parole and it does not appear that the interests of the Commonwealth will be injured thereby.").  This reference in **Zuber** was in connection with the Commonwealth's argument that the defendant was not prejudiced and the essence of the bargain could still be fulfilled.

At any rate, we find **Zuber** is distinguishable where the Commonwealth never agreed to recommend that appellant serve any back time concurrently with his sentence on the new charges.  Unlike the case here, such recommendation was an integral part of the plea agreement in **Zuber**.  Appellant received the bargained-for sentence of 2½ to 5 years.  Furthermore, even if plea counsel's advice was legally erroneous, appellant

cannot show prejudice.  The PCRA court did not err in denying appellant's petition.

Order affirmed.


Donohue, J. joins this Memorandum.

Strassburger, J. files a Dissenting Memorandum.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2015