J. S30018/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                        :           PENNSYLVANIA
               v.          :
                        :
ALLEN SPEARMAN,          :      No. 848 EDA 2015
                        :
           Appellant    :

Appeal from the PCRA Order, February 24, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0005428-2008

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 23, 2016**

Allen Spearman appeals from the order of February 24, 2015, denying

his PCRA[1] petition. After careful review, we affirm.

In a prior memorandum, affirming appellant's judgment of sentence on

direct appeal, this court summarized the history of this case as follows:

> Appellant was arrested for sexual crimes committed against his biological daughter, B.S. On May 15, 2009, represented by counsel, Appellant proceeded to a bench trial at which then sixteen-year-old B.S. testified on direct examination extensively regarding the years of sexual abuse perpetrated upon her by her father, Appellant. N.T. 5/15/09 at 6-42. Specifically, B.S. testified in detail regarding Appellant repeatedly raping her and then financially rewarding her thereafter. N.T. 5/15/09 at 6-42. At the conclusion of the direct examination of B.S., trial counsel requested a short recess, and Appellant then indicated his desire to plead guilty.

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

N.T. 5/15/09 at 44. The Court Crier stated, "Judge, this is going to be an open plea," and the certified docket entry indicates "Guilty Plea-Non-Negotiated." N.T. 5/15/09 at 44. Appellant then presented the trial court with a written guilty plea colloquy and the trial court conducted an oral guilty plea colloquy. N.T. 5/15/09 at 44-48. During the guilty plea colloquy, the trial court indicated, *inter alia*, that Appellant could appeal if the trial court imposed an illegal sentence and, following Appellant's plea of guilty to the charges indicated *supra*,[2] the trial court orally ordered a presentence investigation, as well as a Megan's law evaluation. N.T. 5/15/09 at 46-49. Appellant remained on bail pending sentencing; however, the trial court kept the "stay away order in effect." N.T. 5/15/09 at 46-48.

On October 2, 2009, a presentence investigation report was filed, and represented by new counsel, on October 9, 2009, Appellant filed a presentence motion to withdraw his guilty plea. In the motion, Appellant averred (1) his guilty plea was a "product of duress and was therefore not a knowing, intelligent and voluntary waiver of his trial rights;" (2) he is "innocent of all charges in this matter and believes he has a viable defense to the allegations against him in this case;" and (3) the "Commonwealth will not be substantially prejudiced if [Appellant] is permitted to withdraw his guilty plea[.]"

Following a brief hearing, the trial court denied Appellant's presentence motion on the basis that, *inter alia*, the Commonwealth would be substantially prejudiced by Appellant's withdrawal of his guilty plea.

---

2 Appellant pled guilty to the charges of aggravated indecent assault, unlawful restraint, endangering the welfare of children, corruption of minors, indecent assault, simple assault, reckless endangerment, sexual assault, statutory sexual assault and incest. In exchange for his plea, the Commonwealth withdrew additional charges of rape, involuntary deviate sexual intercourse ("IDSI"), and false imprisonment.

***Commonwealth v. Spearman***, No. 1823 EDA 2010, unpublished memorandum at 1-3 (Pa.Super. filed October 18, 2011).

On January 21, 2010, appellant filed a motion for reconsideration, which was denied on April 23, 2010, following an evidentiary hearing.[3] That same date, the trial court imposed sentences of 5 to 10 years' imprisonment for aggravated indecent assault, and 2 to 4 years for unlawful restraint, run consecutively for an aggregate of 7 to 14 years' imprisonment. No further penalty was imposed for the remaining charges. Appellant was also determined to be a sexually violent predator ("SVP") for Megan's Law purposes.

Post-sentence motions were denied, and on October 18, 2011, this court affirmed the judgment of sentence. We determined that the trial court did not abuse its discretion in denying appellant's pre-sentence motion to withdraw his guilty plea where the trial court found that appellant's assertion of innocence was not sincere, but rather was an attempt to manipulate and delay the entire judicial process. ***Id.*** at 14. In addition, we agreed that the Commonwealth would have been substantially prejudiced by appellant's pre-sentence withdrawal of his guilty plea where the minor victim had already testified and she and her mother had moved to Florida. ***Id.*** at 15-16.

---

[3] The basis for appellant's reconsideration motion is discussed at length in this court's prior memorandum at pages 3 through 8. It is not germane to the instant appeal.

Appellant also argued on appeal that the trial court abused its discretion in denying his post-sentence motion to withdraw his guilty plea because the Commonwealth failed to make an agreed-upon sentencing recommendation of 5 to 10 years' imprisonment, and because he entered into a negotiated plea agreement, the terms of which the sentencing court failed to abide. We found these claims waived for failure to raise them in the court below. *Id.* at 16-21. Although appellant filed a timely post-sentence motion, he never averred therein that his guilty plea was involuntary due to his understanding that the Commonwealth was going to recommend an aggregate sentence of 5 to 10 years' imprisonment. *Id.* at 19. Nor did appellant allege that he had entered into a negotiated plea agreement and should be permitted to withdraw his plea since the trial court failed to abide by the terms of that agreement. *Id.* at 20. As these claims were being raised for the first time on appeal, we found them to be waived.

Appellant filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on April 4, 2012. This timely, counseled PCRA petition was filed on March 12, 2013. Following an evidentiary hearing held on January 23, 2015, the PCRA court entered an order on February 24, 2015, denying appellant relief.[4] A timely notice of appeal was filed on March 23, 2015. On March 26, 2015, appellant was ordered to file a concise

---

[4] The judge who presided over appellant's guilty plea and sentencing, the Honorable Harold M. Kane, has since retired. The Honorable Susan I. Schulman heard appellant's PCRA petition.

statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant timely complied on April 15, 2015, and on June 12, 2015, the PCRA court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1. Is [appellant] eligible for Post-Conviction Relief under **Commonwealth v. Hopkins**?

2. Did Plea Counsel [Max] Kramer[, Esq.] render ineffective assistance by failing to inform Petitioner that he would have to make an admission of guilt and attend sex offender courses in order to qualify for parole?

3. Did the PCRA court err by concluding that Plea Counsel Kramer and Sentencing Counsel [Mariana] Rossman[, Esq.] did not render ineffective assistance?

4. Did the PCRA court err by denying a hearing on issues 16(a), 16(c), 16(e), 16(g), and 16(l) in the March 13, 2013 Counseled [PCRA] Petition and issues 13(a), 13(b)(ii), 13(b)(iii), 13(e), and 13(f)(i) of the AMENDED PETITION FOR RELIEF UNDER THE [PCRA] AND ANSWER TO COMMONWEALTH'S MOTION TO DISMISS?

Appellant's brief at 7 (capitalization in original).

Initially, we note our standard of review:

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. **Commonwealth v. Ceo**, 812 A.2d 1263, 1265 (Pa.Super. 2002) (citation omitted). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

> ***Commonwealth v. Carr***, 768 A.2d 1164, 1166
> (Pa.Super. 2001) (citation omitted).

***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003) (***en banc***), ***appeal denied***, 839 A.2d 352 (Pa. 2003).

In his first issue, appellant claims that his 5 to 10-year mandatory minimum sentence for aggravated indecent assault was illegal under ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding that facts that increase mandatory minimum sentences must be submitted to the jury and must be found beyond a reasonable doubt).[5]  Appellant received a 5-year mandatory minimum sentence under 42 Pa.C.S.A. § 9718 ("Sentences for offenses against infant persons").  In ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super. 2014), ***affirmed***, ___ A.3d ___, 2016 WL 3388530 (Pa. June 20, 2016), this court determined that Section 9718 was facially void.[6]  However, recently our supreme court

---

[5] Appellant raised this issue for the first time in his brief on appeal.  This is of no consequence as we recognize that "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA." ***Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa.Super. 1997), ***appeal denied***, 695 A.2d 784 (Pa. 1997).  ***See also Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa.Super. 2014) (***en banc***), ***appeal denied***, 121 A.3d 496 (Pa. 2015); ***Commonwealth v. Roney***, 866 A.2d 351 (Pa. 2005), ***cert. denied***, 546 U.S. 860 (2005).

[6] ***Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), upon which appellant relies, struck down a different mandatory sentencing statute, 18 Pa.C.S.A. § 6317 (setting forth a mandatory minimum sentence of two years' total confinement if delivery of, or possession with intent to deliver, a controlled substance occurs within 1,000 feet of a school, college, or playground).

decided that **Alleyne** does not apply retroactively to cases pending on collateral review. **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa. July 19, 2016). **See also Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015) (declining to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided).

We now turn to appellant's second and third issues, alleging ineffective assistance of counsel.

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, **i.e.** there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different. **Commonwealth v. Kimball**, 555 Pa. 299, 724 A.2d 326, 333 (1999); **Commonwealth v. Douglas**, 537 Pa. 588, 645 A.2d 226, 230 (1994).

**Commonwealth v. Bracey**, 795 A.2d 935, 942 (Pa. 2001).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial. However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."

*Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa.Super. 2003), *appeal denied*, 860 A.2d 488 (Pa. 2004), quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super. 2002) (internal citations omitted).

Appellant alleges that plea counsel, Attorney Kramer, was ineffective for not informing him that in order to qualify for parole, he will have to complete mandated sex offender treatment, which will include admitting his crimes and attending classes. (Appellant's brief at 22.) Appellant claims that Attorney Kramer's failure to inform him of this important consequence of his plea rendered his plea invalid. (*Id.*) We disagree.[7]

"[A] defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea, and counsel is therefore not constitutionally ineffective for failure to advise a defendant of the collateral consequences of a guilty plea." *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012), citing *Commonwealth v. Frometa*, 555 A.2d 92, 93 (Pa. 1989). *See also Commonwealth v. Stark*, 698 A.2d 1327, 1332 (Pa. 1997) (a defendant's eligibility for parole is a "collateral consequence" of his guilty plea); 42 Pa.C.S.A. § 9542 (PCRA

---

[7] The Commonwealth argues that this claim is waived for failure to raise it in appellant's PCRA petition. (Commonwealth's brief at 15.) *See*, *e.g.*, *Commonwealth v. Santiago*, 855 A.2d 682, 691 (Pa. 2004) ("a claim not raised in a PCRA petition cannot be raised for the first time on appeal"). However, the record reflects that appellant was permitted to address the issue during the evidentiary hearing. (Notes of testimony, 1/23/15 at 9-11.) In addition, the PCRA court addressed the issue in its Rule 1925(a) opinion. (PCRA court opinion, 6/12/15 at 22.)

does not provide relief from collateral consequences of a criminal conviction). Therefore, Attorney Kramer was not ineffective for failing to inform appellant that he would be required to complete sex offender counseling in order to be eligible for parole.

In his third issue on appeal, appellant claims that both plea counsel, Attorney Kramer, and sentencing counsel, Attorney Rossman, were ineffective for not enforcing the terms of the negotiated plea bargain. As discussed above, appellant argues that his understanding was that he would receive a sentence of 5 years' incarceration. Appellant contends that this was not an open plea as to sentencing. The record belies appellant's assertions in this regard.

Although it was in the context of a waiver analysis, this court's previous discussion of the plea and sentencing proceedings on direct appeal is instructive:

> In the case **sub judice**, at the point when Appellant decided to plead guilty, the Court Crier announced, "Judge, this is going to be an open plea[,]" N.T. 5/15/09 at 44, and the guilty plea colloquy continued in such a manner without objection by Appellant. At the sentencing hearing, the sentencing court asked for the sentencing guidelines, and the prosecutor informed the sentencing court of Appellant's prior record score, offense gravity score, and the sentencing guidelines based thereon. N.T. 4/23/10 at 38-39. The prosecutor also informed the sentencing court that "there's also one mandatory minimum required in this case, and that is for the charge of aggravated indecent assault. It requires a minimum of five to ten years." N.T. 4/23/10 at 39. Appellant did not

object to the exchange between the sentencing court and prosecutor. N.T. 4/23/10 at 39. Appellant's counsel requested the sentencing court impose the mandatory minimum, and no other sentence; however, in response, the prosecutor argued the "defendant . . . deserves an aggravated sentence." N.T. 4/23/10 at 41. Appellant did not object and, specifically, did not inform the sentencing court that the prosecutor had agreed to recommend a sentence of five years to ten years in prison. The sentencing court imposed sentence, and again, Appellant did not object. N.T. 4/23/10 at 43.

After the sentencing hearing, Appellant filed a timely post-sentence motion; however, Appellant never averred therein that his guilty plea was involuntary due to his understanding the Commonwealth was going to recommend an aggregate sentence of five years to ten years in prison. In fact, with regard to withdrawing his guilty plea, Appellant merely requested in his post-sentence motion that the trial court "[p]ermit him to withdraw his guilty plea for the reasons cited in the motions filed by Defendant on October 9, 2009, and January 21, 2010 (which are incorporated herein by reference as though set forth in full and attached hereto as Exhibit 'A')[.]" Neither Appellant's October 9, 2009 presentence motion to withdraw his guilty plea nor his January 21, 2010 motion for reconsideration mention that the Commonwealth failed to fulfill its promise to make a sentencing recommendation in exchange for Appellant pleading guilty.

*Spearman*, No. 1823 EDA 2010 at 18-19.

Appellant testified at the January 23, 2015 PCRA hearing that Attorney Kramer told him the plea offer was for the 5-year mandatory minimum. (Notes of testimony, 1/23/15 at 13, 16-17.) It was appellant's understanding that it would be a flat 5-year sentence. (*Id.* at 17.)

- 10 -

Appellant's testimony was contradicted by Attorney Kramer, who testified that it was an open plea and that he explained to appellant that he could receive a sentence greater than the 5 to 10-year mandatory minimum. (*Id.* at 40, 45.) Attorney Kramer told appellant that by entering the guilty plea, he would serve at least 5 years' imprisonment, but that in exchange for his plea, the Commonwealth agreed to drop the charges of rape and IDSI, which carried ten-year mandatory minimum sentences. (*Id.* at 37-39.) Attorney Kramer testified that he never guaranteed appellant any particular sentence. (*Id.* at 45.)

Similarly, Attorney Rossman testified that from her recollection, it was not a negotiated plea. (*Id.* at 54-55.) Attorney Rossman testified that if the parties had negotiated a sentence, she would have raised the issue with the sentencing court. (*Id.* at 59.) Appellant never complained to Attorney Rossman that there was a negotiated sentence. (*Id.* at 34-35, 60.)

The PCRA court, after hearing all the testimony and reviewing the record, clearly found appellant's testimony on the issue to be not credible. (PCRA court opinion, 6/12/15 at 14.) The PCRA court concluded that neither Attorney Kramer nor anyone else ever informed appellant that he was entering a negotiated plea for a sentence of 5 years' incarceration. (*Id.* at 15.) The PCRA court's determination in this regard is amply supported by the record and will not be disturbed on appeal. This claim lacks arguable

merit where appellant failed to establish that, in fact, there was a negotiated plea agreement.

Finally, appellant complains that the PCRA court limited the evidentiary hearing to the issue of whether appellant was told he was going to receive a negotiated sentence of 5 years' incarceration. (Appellant's brief at 30.) Appellant argues that there were several other issues of arguable merit he wanted to explore, including Attorney Rossman's alleged failure to challenge the Sexual Offenders Assessment Board ("SOAB") report, and Attorney Kramer's deficient pre-trial investigation and lack of preparedness for trial. (*Id.* at 31-34.)

Simply stated, appellant's assertion that the PCRA court limited the scope of the hearing is incorrect. Prior to taking testimony, the parties engaged in the following pertinent discussion:

> [DEFENSE COUNSEL WILLIAM BICKERTON, ESQ.]: Actually, there may have been another issue, if Mr. Spearman -- that he did want to address today. If he could put that on the record, Your Honor? Because I thought that we were limited today as to what you're going to allow for the evidentiary hearing, that you issued a ruling to it would only be one issue. I do know that Mr. Spearman still would like to raise a couple other issues.
>
> THE COURT: Correct me if I'm wrong -- I mean, perhaps you are correct and I'm not -- was there -- I don't honestly recall if I ordered a limited evidentiary hearing today. Do you recall, Mr. Ritterman?
>
> [ADA SAMUEL RITTERMAN, ESQ.]: My thought was that the only issue was on the plea agreement. But I can't 100 percent represent to the Court that the

> Court had said it couldn't on anything else. But I just don't--
>
> THE COURT: I don't have notes to that effect. I don't generally do that. If I grant an evidentiary hearing, I grant an evidentiary hearing. We are all here to address any and all issues. So, Mr. Bickerton, what is the other issue that you think needs to be addressed today?

Notes of testimony, 1/23/15 at 7-8.[8]

Even if the PCRA court had originally limited the scope of the hearing to whether appellant believed he would receive a more lenient sentence, clearly, at the hearing of January 23, 2015, the PCRA court indicated its intent to permit appellant to address "any and all issues." (Notes of

---

[8] On March 3, 2016, appellant filed an application to supplement the original record. Appellant attached a letter from ADA Ritterman to the PCRA court dated January 23, 2015, which states,

> Your Honor inquired today whether you had granted a limited evidentiary hearing or a hearing without limits on the issues. I answered that I thought the hearing was limited but I did not have a perfect recollection. I have subsequently looked at my file markings, and I see that at the listing of January 31, 2014, I had noted that a hearing was granted on the limited ground of whether [appellant] believed he would get a more lenient sentence. I hope this helps, and I apologize that I did not have this notation with me at the hearing.

Motion to supplement record under Pa.R.A.P. 1926(B)(1), 3/3/16 at 4. Appellant also attaches a "State Custody Video Hearing Confirmation," dated November 12, 2014, setting aside only one hour for appellant's January 23, 2015 PCRA hearing. (*Id.* at 5.) According to appellant, this further supports his position that the hearing was limited in scope. We will grant appellant's application to supplement the original record with these documents; however, they do not change the analysis for the reasons discussed *infra*.

testimony, 1/23/15 at 8.) There is no indication that appellant was limited to one issue. In fact, appellant did explore other issues during the hearing, including Attorney Kramer's pre-trial preparation. In his reply brief, appellant complains that the one hour allotted for the hearing was insufficient. (Appellant's reply brief at 4 n.1.) However, there is nothing to support appellant's assertion that one hour was inadequate to address the issues he wished to present. In fact, the prison official indicated that although the allotted time was almost up, he was willing to "postpone as long as I can." (Notes of testimony, 1/23/15 at 49.)[9] The court stated that they had one more witness and did not expect to be much longer. (*Id.*)

The only issues appellant identifies that he was purportedly unable to address during the PCRA hearing are 1) Attorney Kramer's lack of preparation for trial; and 2) Attorney Rossman's failure to challenge the SOAB report and appellant's SVP classification. (Appellant's brief at 30-34.) In fact, appellant did explore the issue of Attorney Kramer's pre-trial preparation, including appellant's allegation that he failed to hire an investigator or interview witnesses. (Notes of testimony, 1/23/15 at 19, 41-42, 62-64.) Attorney Kramer testified that appellant never requested an investigator and there were no witnesses to interview. (*Id.* at 41, 62-64.) After the victim's detailed and credible testimony, appellant accepted

---

[9] Appellant participated via video-conferencing from SCI Rockview.

Attorney Kramer's advice that it was in his best interest to enter a plea. (**Id.** at 42.)

Furthermore, the sentencing transcript indicates that Attorney Rossman did submit an expert report on appellant's behalf, finding that appellant did not meet the statutory criteria for SVP status. (Notes of testimony, 4/23/10 at 37-38.) Therefore, appellant's assertion that Attorney Rossman was ineffective for failing to challenge the SOAB's findings is belied by the record. In addition, appellant cannot challenge his SVP status on collateral review. **See Commonwealth v. Masker**, 34 A.3d 841 (Pa.Super. 2011) (**en banc**), **appeal denied**, 47 A.3d 846 (Pa. 2012) (a challenge to the classification of the defendant as an SVP is not a challenge to the conviction or sentence, and therefore is not cognizable under the PCRA). Because the registration requirements of Megan's Law[10] are collateral consequences of appellant's conviction and are not considered part of his sentence, appellant's challenge to SVP classification, even framed as a trial counsel ineffectiveness claim, falls outside the ambit of the PCRA. **Masker**.

Having determined that appellant's issues on appeal are without merit and do not warrant relief, we will affirm the order of the PCRA court denying his petition.

---

[10] Now called the Sex Offender Registration and Notification Act (SORNA). **See** 42 Pa.C.S.A. §§ 9799.14, 9799.15.

Appellant's motion to supplement the record is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2016