J-S19018-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WALTER A. CEO | : | |
| | : | |
| Appellant | : | No. 3097 EDA 2024 |

Appeal from the PCRA Order Entered October 22, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1201781-1993

BEFORE: PANELLA, P.J.E., STABILE, J., and BECK, J.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 3, 2025**

Appellant, Walter A. Ceo, appeals *pro se* from the October 22, 2024, order of the Court of Common Pleas of Philadelphia County, which dismissed as untimely his petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

In reviewing Appellant's appeal from the PCRA court's dismissal of his prior serial PCRA petition, this Court set forth the factual background and procedural history of this matter. ***See Commonwealth v. Ceo***, 812 A.2d 1263 (Pa. Super. 2002); *rev'd*, 845 A.2d 199 (Pa. 2004) (citing ***Commonwealth v. Robinson***, 837 A.2d 1157 (Pa. 2003)). The facts and procedural history relevant to the instant appeal are not at issue. Briefly,

> On November 1, 1995, a jury convicted [Appellant] of second-degree murder, kidnapping, aggravated assault, robbery, criminal conspiracy, and four counts of reckless endangerment. On April 17, 1996, the Honorable Eugene H. Clarke, Jr., sentenced

[Appellant] to serve a term of life imprisonment for the murder conviction, and a consecutive term of four to ten years' imprisonment for aggravated assault with concurrent sentences on the remaining counts.

*Ceo*, 812 A.2d at 1264.

Appellant filed a PCRA petition in 1996, requesting reinstatement of his right to appeal *nunc pro tunc*, which was granted in 1997. Yet, Appellant did not file a direct appeal. Appellant then filed another PCRA petition on December 9, 1998, once again requesting reinstatement of his appellate rights *nunc pro tunc*. The PCRA court granted the relief requested. Appellant filed a notice of appeal but never filed a brief. We dismissed the appeal on July 28, 1999. In 2001, Appellant filed another PCRA petition, his fourth, seeking, again, reinstatement of his appellate rights *nunc pro tunc*. The PCRA court denied relief. We reversed the PCRA court upon finding that the fourth petition was an extension of litigation of his first timely PCRA petition. *See **Commonwealth v. Ceo***, 812 A.2d 1263 (Pa. Super. 2002). On February 24, 2004, our Supreme Court reversed our decision. *See **Commonwealth v. Ceo***, 845 A.2d 199 (Pa. 2004). Since then, Appellant filed additional PCRA petitions, which were all dismissed as untimely.

On July 29, 2022, Appellant filed the underlying petition, which he titled "Petition for Habeas Corpus." Appellant supplemented said petition on August 24, 2022. On October 22, 2024, the PCRA court dismissed the petition as untimely. This appeal followed.

On appeal, Appellant argues that the lower court should have treated Appellant's underlying petition challenging the legality of his detention as a

- 2 -

petition for *habeas corpus*.[1]  Appellant also avers that the lower court erred in not finding direct counsel ineffective for failing to file a direct appeal.  ***See*** Appellant's Brief at 7.[2]  We disagree.

It is well-established that a challenge to the legality of a sentence is cognizable under the PCRA.  ***See***, ***e.g.***, ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Moore***, 247 A.3d 990, 998 (Pa. 2021) (concluding a void for vagueness challenge to Section 1102(b) is cognizable under the PCRA – overruling ***Commonwealth v. Rouse***, 191 A.3d 1 (Pa. Super. 2018)).  It is also well-established that the PCRA subsumes the writ of *habeas corpus* and is "the sole means of obtaining collateral relief" where the PCRA provides a remedy for a petitioner's claim.  ***See*** 42 Pa.C.S.A. § 9542; ***Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998).  In light of the foregoing, we conclude that the lower court correctly treated the underlying petition as a PCRA petition.

As Appellant's claim is cognizable under the PCRA, he was required to bring it under that statute and to comply with all applicable requirements, including timeliness.  ***See Peterkin***, ***supra*** at 640; ***see also Fahy***, 737 A.2d

---

[1] Specifically, Appellant argues that his confinement is illegal because Section 1102(b) – the section Appellant was convicted of – "was void at the time it was applied to . . . him because it was inaccessible."  ***See*** Appellant's Brief at 9; ***see also*** PCRA Petition, 7/29/22, at 3-5.  The inaccessibility claim seems to relate to Appellant's perceived inconsistency between the mandatory minimum set forth in Section 1102(b) and the sentencing court's options set forth in 42 Pa.C.S.A. § 9721(a).

[2] Below, Appellant also argued that two of his PCRA counsel were ineffective for failing to file briefs on his behalf.

at 223 ("Although legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

Appellant's sentence became final August 9, 1997, after the time for appealing his sentence to our Court expired. *See* Pa.R.A.P. 903. Appellant had one year to file a timely PCRA. Appellant filed the underlying petition on July 29, 2022, approximately 25 years late. Thus, his petition is facially untimely, and he has neither plead nor proven any of the timeliness exceptions available. **See** 42 Pa.C.S.A. § 9545(b)(1). His petition is, therefore, untimely.

Because the timeliness requirements of the PCRA are jurisdictional in nature, the lower court did not have jurisdiction to address the merits of Appellant's petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Accordingly, the lower court correctly dismissed the underlying petition as untimely.

Alternatively, Appellant raises multiple claims of ineffective assistance of counsel. As the PCRA court also noted, it is unclear "what, if any, time bar exception [Appellant] is attempting to establish on the basis of these claims." PCRA Court Opinion, at 3 (unnumbered).

It is established that a petitioner cannot rely on a claim of ineffective assistance of counsel to circumvent the PCRA's time bar. **See**, **e.g.**, **Peterkin**, 722 A.2d at 643 n. 5; **see also Commonwealth v. Pursell**, 749 A.2d 911, 915 (Pa. 2000) ("we have repeatedly held that claims of ineffective assistance of counsel do not automatically qualify pursuant to the exceptions to the one-

- 4 -

year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i)–(iii)."); **Bennett**, 753 A.2d at 1272-73 (except when postconviction counsel abandons his client for purposes of appeal, allegation of postconviction counsel's ineffectiveness cannot be invoked as a newly-discovered "fact" for purposes of the exception). Because Appellant failed to plead and prove that his claims of ineffective assistance of counsel met any of the timeliness exceptions, neither the PCRA court nor this Court can entertain Appellant's claims.[3]

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/3/2025

---

[3] In light of our disposition, Appellant's Application to Stay, filed on May 29, 2025, is denied.