J. S42045/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| GILBERT E. PETERSON, II, | : | No. 2080 MDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, November 29, 2016,
in the Court of Common Pleas of York County
Criminal Division at Nos. CP-67-CR-0005763-2014,
CP-67-CR-0008774-2013, CP-67-CR-0008776-2013

BEFORE:  OLSON, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED SEPTEMBER 21, 2017**

Gilbert E. Peterson, II, appeals from the order of November 29, 2016, denying his PCRA[1] petition.  Appointed counsel, John M. Hamme, Esq., has filed a petition to withdraw and accompanying **Turner**/**Finley** "no merit" brief.[2]  After careful review, we grant counsel's petition to withdraw and affirm the order denying PCRA relief.

The record reflects that on July 6, 2015, appellant entered an open guilty plea to one count each of simple assault, criminal mischief, and

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

escape.[3]  Appellant completed a written guilty plea colloquy as well as an on-the-record oral plea colloquy.  (Notes of testimony, 7/6/15 at 2-6.)  The charges of simple assault and criminal mischief related to separate incidents involving Terry Laughman.  On September 1, 2013, appellant was at Sheetz and saw his fiancée, Danielle Eckert, sitting on the curb with Mr. Laughman.  (*Id.* at 4.)  An argument ensued and when appellant exited the parking lot, he purposely struck the front tire of Mr. Laughman's motorcycle, knocking it to the ground.  (*Id.*)  On December 5, 2013, appellant got into a fistfight with Mr. Laughman at Ms. Eckert's residence, causing Mr. Laughman to suffer cuts and bruising.  (*Id.* at 3-4.)  Regarding the escape charge, on August 8, 2014, appellant was in police custody at York Hospital on unrelated charges when he absconded.  (*Id.* at 5.)

Appellant asked to be released on supervised bail because his mother recently had a stroke.  (*Id.* at 6-7.)  The Commonwealth requested that appellant be remanded to the custody of York County Prison until sentencing because of his status as a repeat felony offender and his prior failure to appear, resulting in the issuance of a bench warrant.  (*Id.* at 7-8.)  The trial court accepted appellant's guilty plea but denied his request for supervised bail pending sentencing.  (*Id.* at 9-10.)  Subsequently, however, the trial court granted a written motion for supervised bail.  (Notes of testimony, 11/29/16 at 20.)

---

[3] 18 Pa.C.S.A. §§ 2701(a)(1), 3304(a)(5), and 5121(a), respectively.

Sentencing was scheduled for August 21, 2015; however, appellant failed to appear. Appellant was picked up on a bench warrant on December 29, 2015, and appeared before the Honorable Maria Musti Cook the following day, December 30, 2015. The pre-sentence investigation ("PSI") report was unable to be completed by the adult probation office because appellant left the jurisdiction; however, appellant indicated that he wanted to proceed to immediate sentencing. (Notes of testimony, 12/30/15 at 2-4, 7-8.) Judge Cook imposed sentences of 3 to 6 months' incarceration for simple assault, 6 to 12 months for criminal mischief, and 12 to 24 months for escape, run consecutively for an aggregate sentence of 21 months to 42 months' incarceration. (*Id.* at 8-9.) Each of appellant's sentences fell within the standard range of the sentencing guidelines. (*Id.* at 8.) Appellant was also ordered to pay restitution to Mr. Laughman in the amount of $250 and to Geico Indemnity Company in the amount of $2,849.68, for the damage to Mr. Laughman's motorcycle. (*Id.* at 10.)

Appellant filed an untimely post-sentence motion to withdraw his plea on January 12, 2016, which was denied on January 20, 2016. Subsequently, appellant filed a timely *pro se* PCRA petition on February 29, 2016. Counsel was appointed, and an evidentiary hearing was held on November 29, 2016, at which both appellant and plea counsel, T. Korey Leslie, Esq., testified. Immediately following the hearing, appellant's petition was denied. This timely appeal followed. Appellant has complied with Pa.R.A.P. 1925(b), and

the PCRA court filed a Rule 1925(a) opinion. Attorney Hamme has filed a petition to withdraw and "no-merit" brief in accordance with *Turner*/*Finley* practice.

Initially, we note our standard of review:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. *Commonwealth v. Ceo*, 812 A.2d 1263, 1265 (Pa.Super.2002) (citation omitted). Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa.Super.2001) (citation omitted).

*Commonwealth v. Wilson*, 824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*), *appeal denied*, 839 A.2d 352 (Pa. 2003).

Before addressing the merits of appellant's appeal, we must determine whether Attorney Hamme has complied with the procedural dictates for PCRA counsel seeking to withdraw under *Turner*/*Finley* and their progeny.

We have explained that:

> Counsel petitioning to withdraw from PCRA representation must proceed . . . under [*Commonwealth v.*] *Turner*, [518 Pa. 491, 544 A.2d 927 (1988)], and [*Commonwealth v.*] *Finley*, [379 Pa.Super. 390, 550 A.2d 213 (1988)] and . . . must review the case zealously. *Turner*/*Finley* counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> Where counsel submits a petition and no—merit letter that . . . satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.
>
> *Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa.Super. 2012) (internal citations omitted) (quoting *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007)).

*Commonwealth v. Muzzy*, 141 A.3d 509, 510-511 (Pa.Super. 2016) (brackets in *Muzzy*).

Instantly, Attorney Hamme has filed an application to withdraw, asserting that he has thoroughly reviewed the trial court record and has concluded that there are no meritorious issues present and that the appeal is wholly frivolous; he has attached a "no-merit" letter, setting forth each issue appellant wishes to have reviewed, and why each is meritless; and he has forwarded to appellant both a copy of the application to withdraw and "no-merit" letter, and has advised appellant that he has the right to proceed *pro se*, retain new counsel, or raise any additional points he deems worthy

of this court's consideration.[4] Therefore, we determine that Attorney Hamme has complied with the requirements of *Turner*/*Finley*, and we will proceed to an independent review of the record to decide whether the PCRA petition is, in fact, meritless.

Appellant alleged that Attorney Leslie was ineffective for failing to file a pre-sentence motion to withdraw his guilty plea; or in the alternative, for failing to file a timely post-sentence motion to withdraw the plea. Appellant testified that he specifically requested Attorney Leslie to file a pre-sentence motion to withdraw the guilty plea immediately after the plea hearing. (Notes of testimony, 11/29/16 at 11, 14.) Appellant testified that the basis for withdrawal was actual innocence. (*Id.* at 15.)

Appellant also testified that Attorney Leslie promised him a sentence of time-served. (*Id.* at 7.) Appellant testified that the only reason he agreed to plead guilty was to get a time-served sentence with immediate parole. (*Id.* at 7-8.) After appellant received a sentence of 21 to 42 months, he

---

[4] Attorney Hamme's April 12, 2017 letter to appellant informed him, *inter alia*, that "[Y]ou have the right to retain new counsel to represent you in your appeal and all matters arising therefrom. Also, you have the right to file a brief on your own raising any additional points you deem worth [sic] of the Court's attention." (*Turner*/*Finley* brief, Appendix D.) Attorney Hamme also advised appellant that, "If you desire to file a brief on your behalf, I would recommend that it be done so [sic] as soon as possible." (*Id.*) We conclude that this language fairly and accurately informed appellant of his immediate right to proceed in the appeal *pro se* or through privately retained counsel. *Cf. Muzzy*, 141 A.3d at 511-512 (PCRA counsel's letter to the petitioner improperly conveyed that he could not proceed *pro se* or with private counsel unless, and until, this court granted counsel's withdrawal request, which was incorrect).

asked Attorney Leslie to file a post-sentence motion to withdraw the guilty

plea.  (*Id.* at 8-9.)

> To prevail on a claim alleging counsel's ineffectiveness under the PCRA, Appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question the outcome of the proceeding would have been different.  ***Commonwealth v. Kimball***, 555 Pa. 299, 724 A.2d 326, 333 (1999); ***Commonwealth v. Douglas***, 537 Pa. 588, 645 A.2d 226, 230 (1994).

***Commonwealth v. Bracey***, 795 A.2d 935, 942 (Pa. 2001).

> It is clear that a criminal defendant's right to effective counsel extends to the plea process, as well as during trial.  However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea.  Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases."

***Commonwealth v. Allen***, 833 A.2d 800, 802 (Pa.Super. 2003), ***appeal denied***, 860 A.2d 488 (Pa. 2004), quoting ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa.Super. 2002) (internal citations omitted).

> Preliminarily, we recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct ***sua sponte***, the withdrawal of a plea of guilty or ***nolo contendere*** and the substitution of a plea of not guilty."  Pa.R.Crim.P 591(A).  The Supreme

Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:

> [T]rial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, 115 A.3d 1284, 1285, 1291-92 (2015) (holding there is no ***per se*** rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request).  We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013).

***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa.Super. 2016), ***appeal denied***, \_\_\_ A.3d \_\_\_, 2017 WL 1374163 (Pa. 2017) (footnote omitted).

> In contrast, after the court has imposed a sentence, a defendant can withdraw his guilty plea "only where necessary to correct a manifest injustice." ***Commonwealth v. Starr***, 450 Pa. 485, 301 A.2d 592, 595 (1973).  "[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentencing-testing devices." ***Commonwealth v. Kelly***, 5 A.3d 370, 377 (Pa.Super. 2010), ***appeal denied***, 613 Pa. 643, 32 A.3d 1276 (2011).
>
> * * *

> To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa.Super. 2003). "[A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly." ***Commonwealth v. Gunter***, 565 Pa. 79, 771 A.2d 767, 771 (2001).

***Commonwealth v. Kpou***, 153 A.3d 1020, 1023 (Pa.Super. 2016), quoting ***Commonwealth v. Prendes***, 97 A.3d 337, 351-354 (Pa.Super. 2014) (parallel citations omitted).

Regarding appellant's allegation that he asked Attorney Leslie to file a pre-sentence motion to withdraw his plea, Attorney Leslie testified that it was not a formal request. (Notes of testimony, 11/29/16 at 20-21, 23.) Attorney Leslie testified that immediately after pleading guilty on July 6, 2015, he and appellant had a conversation outside of the courtroom:

> He said he wanted to withdraw his plea. I don't -- I wouldn't say that he asked. I think his specific phrase was, F this, I want to withdraw my plea and go to trial. And I told him that was stupid, and then the sheriffs took him back into custody.

***Id.*** at 23. Attorney Leslie testified that, "[appellant] was upset because the Court did not release him on supervised bail that day." (***Id.*** at 25.) Attorney Leslie also noted that, "after he got out on bail, he didn't make that request anymore." (***Id.*** at 23.) Attorney Leslie's testimony dovetails with Judge Cook's recollection that appellant was extremely upset about being denied supervised bail:

> At the conclusion of the entry of the guilty plea, we addressed a number of situations regarding [appellant's] ability to leave the courtroom of his own volition that day. Attorney Leslie asked the Court to release [appellant] on supervised bail. The Court denied that request, and the Court, actually, very clearly remembers how upset [appellant] was that he was not going to be able to walk out the front door.

*Id.* at 32. Appellant's disappointment that his initial, oral motion for supervised bail pending sentencing was denied was not a "fair and just reason" for the pre-sentence withdrawal of his guilty plea. Indeed, as Attorney Leslie observed, after his subsequent written motion for supervised bail was granted, appellant did not repeat his request to withdraw his plea. Attorney Leslie was not ineffective for failing to file a pre-sentence motion to withdraw the guilty plea.

We now turn to appellant's allegation that he asked Attorney Leslie to file a post-sentence motion to withdraw his guilty plea, and that Attorney Leslie was ineffective for failing to do so in a timely manner. Appellant has arguably satisfied the first two prongs of the ineffectiveness test where Attorney Leslie did file the requested post-sentence motion to withdraw appellant's guilty plea but did so in an untimely fashion, and it was denied on the basis of untimeliness. However, we agree with Judge Cook that appellant cannot prove prejudice. As set forth above, to withdraw a guilty plea after sentencing, a defendant must demonstrate a "manifest injustice." *Kpou*, 153 A.3d at 1023. Moreover, it is well settled that

disappointment in the sentence actually imposed does not represent a manifest injustice. ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002), citing ***Commonwealth v. Munson***, 615 A.2d 343, 350 (Pa.Super. 1992).

Appellant testified that Attorney Leslie promised him a time-served sentence. (Notes of testimony, 11/29/16 at 7-8.) Appellant testified that he pled guilty "to get out of jail." (***Id.*** at 9, 13.) Appellant's version of events was contradicted by Attorney Leslie, who denied ever promising appellant any particular sentence. (***Id.*** at 21-22.) Attorney Leslie testified that while he thought they had a good argument for a time-served sentence, he never promised appellant anything and did not coerce appellant into taking a plea. (***Id.***) After appellant did not receive a time-served sentence, he asked Attorney Leslie to withdraw the guilty plea on the basis of coercion, which Attorney Leslie specifically refuted. (***Id.*** at 24-25.) In fact, Attorney Leslie testified that appellant wanted to proceed to sentencing on December 30, 2015, without a completed PSI report against attorney advice. (***Id.*** at 24-25.) Judge Cook did not find appellant's testimony that he was coerced into taking the plea to be credible. (PCRA court opinion, 1/24/17 at 3-4.) To the contrary, the record indicates that appellant was simply dissatisfied with his sentence. (***Id.*** at 3.)

Furthermore, at the time he entered his guilty plea, appellant acknowledged his guilt of the three charges and that there was no

agreement as to sentencing. (Notes of testimony, 7/6/15 at 2.) Attorney Leslie explained to appellant that the Commonwealth was free to ask for any sentence it deemed appropriate. (*Id.*) *See Pollard*, 832 A.2d at 523 ("A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." (citation omitted)).

Additionally, to the extent appellant now asserts his actual innocence of the charges, he does not demonstrate a manifest injustice necessary to secure a post-sentence withdrawal of the guilty plea. *See Kpou*, 153 A.3d at 1024 ("Indeed, this Court has held that post-sentence claims of innocence do not demonstrate manifest injustice, *see Commonwealth v. Myers*, 434 Pa.Super. 221, 642 A.2d 1103, 1108 (1994) (holding '[a] defendant's post-sentence recantation of guilt does not rise to the level of prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty.')"). The PCRA court determined that appellant's plea was entered voluntarily, knowingly, and intelligently, and that appellant failed to assert a valid basis to withdraw his guilty plea. (PCRA court opinion, 1/24/17 at 3-4.) Therefore, since appellant's post-sentence motion to withdraw his guilty plea would not have been granted, even if it was timely filed, appellant cannot show how he was actually prejudiced by plea counsel's alleged ineffectiveness. (*Id.* at 4.)

Finally, we address appellant's ***pro se*** response to Attorney Hamme's petition to withdraw as PCRA counsel and ***Turner***/***Finley*** no-merit letter, filed April 24, 2017. Appellant makes various allegations of Attorney Hamme's ineffectiveness and also asks for new counsel and an extension of time to file a brief. However, it is well settled that issues of PCRA counsel's effectiveness cannot be raised for the first time on appeal. ***Commonwealth v. Henkel***, 90 A.3d 16, 30 (Pa.Super. 2014) (***en banc***), ***appeal denied***, 101 A.3d 785 (Pa. 2014). Appellant complains that Attorney Hamme did not file an amended petition on his behalf, instead seeking to withdraw under ***Turner***/***Finley***.

> Counsel's duty under [Pa.R.Crim.P.] 904(a) to assist the petitioner on his first PCRA petition does not prevent him from seeking the court's permission to withdraw pursuant to ***Turner***/***Finley*** where the issues on appeal lack merit. It is well accepted that a petitioner is not deprived of his right to counsel in situations where the court allows counsel to withdraw in this fashion.

***Commonwealth v. Johnson***, 803 A.2d 1291, 1294 (Pa.Super. 2002), citing ***Commonwealth v. Peterson***, 756 A.2d 687, 689 (Pa.Super. 2000). ***See also Commonwealth v. Cherry***, 155 A.3d 1080, 1083 (Pa.Super. 2017) ("When appointed, counsel's duty is to either (1) amend the petitioner's ***pro se*** Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of ***Turner***/***Finley***." (footnote omitted)).

Furthermore, while appellant is entitled to counsel on a first PCRA, it is axiomatic that appellant is not entitled to counsel of his choice. ***Commonwealth v. Jette***, 23 A.3d 1032, 1041 (Pa. 2011) ("[A]n indigent criminal defendant does not enjoy the unbridled right to be represented by counsel of his own choosing." (citations and footnote omitted)). Appellant is not entitled to substitute counsel. In addition, appellant has not identified any issues that could be addressed in a ***pro se*** brief, and no purpose would be served by further delay.

Order affirmed. Petition to withdraw granted. Appellant's request for an extension of time to file a comprehensive ***pro se*** brief is denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017